No. 01–3942.

United States Court of Appeals, Third Circuit.

Argued on Sept. 12, 2002.

Decided Oct. 1, 2003.

Lorenzo A. FORBES; Ella M. Forbes, in Their Own Right and as Co–Administrators of the Estate of Erin Dudley Forbes, Deceased

v.

TOWNSHIP OF LOWER MERION; Joseph J. Daly, Police Superintendent, Individually and in His Official Capacity as Township of Lower Merion Police Superintendent; John Salkow-

---

Lloyd G. Parry (Argued), Davis, Parry & Tyler, Philadelphia, PA, for Appellants.

Sheryl S. Chernoff, Susan Burt–Collins (Argued), Burt–Collins & Chernoff, Philadelphia, PA, for Appellees.

Before ALITO and FUENTES, Circuit Judges, and OBERDORFER,* District Judge.

## OPINION OF THE COURT

ALITO, Circuit Judge.

In *Forbes v. Township of Lower Merion*, 313 F.3d 144 (3d Cir.2002) (hereinafter *Forbes I* ), this panel vacated an order denying summary judgment to two police officers who had asserted qualified immunity in a 42 U.S.C. § 1983 action against them for their role in the fatal shooting of a suspect. We retained jurisdiction and remanded for further proceedings in accordance with a new supervisory rule. *See id.* at 146. On remand, the District Court carefully reconsidered the qualified-immunity issue and granted summary judgment in favor of defendant/appellant McGowan but denied summary judgment to defendant/appellant Salkowski. *See Forbes v. Township of Lower Merion*, No. 00–0930, 2003 U.S. Dist. LEXIS 7713 (E.D.Pa. Apr. 10, 2003). We now affirm the denial of Salkowski's motion for essentially the reasons set out in the opinion of the District Court. In view of the relief granted by the District Court, we dismiss McGowan's appeal as moot.

## I.

In an appeal from an order denying a qualified-immunity summary judgment motion, we do not have jurisdiction to review whether the District Court correctly identified the set of facts that are sufficiently supported by the record. *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 61 (3d Cir.2002). Rather, our jurisdiction is limited to "review[ing] whether the set of facts identified by the district court is sufficient

* The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

to establish a violation of a clearly established constitutional right." *Id.* On remand, the District Court concluded that the summary judgment record, when viewed in the light most favorable to the plaintiffs, is sufficient to prove the following material facts:

- Forbes was armed only with a wooden staff.
- The officers had no information that he possessed anything else that might be considered a weapon.
- The wooden staff did not reasonably resemble a firearm or other "weapon per se," i.e., an implement specifically designed for use as a weapon.
- "Rather than attempting to assault defendant Salkowski, the decedent was trying to escape from him at the time he was shot." Specifically, "the decedent was facing and moving westerly while defendant Salkowski was facing southerly and back pedaling when he fired his weapon."
- When he was shot, "the decedent was some distance from defendant Salkowski."

As we have emphasized, we must accept these facts as true for the purposes of this appeal and inquire only whether they are "sufficient to establish a violation of a clearly established constitutional right." *Ziccardi,* 288 F.3d at 61. This is a two-part inquiry. In *Wilson v. Layne,* 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999), the Supreme Court held that "[a] court evaluating a claim of qualified immunity 'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.'" *Id.* at 609, 119 S.Ct. 1692 (quoting *Conn v. Gabbert,* 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999)). In light of *Wilson's* use of the

word "must," we held in *Sutton v. Rasheed,* 323 F.3d 236, 250 n. 27 (3d Cir.2003), that the initial constitutional inquiry is a "mandatory" prerequisite to a qualified-immunity analysis and not an aspiration "describing what the courts ordinarily should do."

## II.

In *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) *supra,* the Supreme Court described the constitutional standard for the use of deadly force by police officers as follows:

Where the suspect poses *no immediate threat to the officer and no threat to others,* the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. . . . A police officer may not seize an unarmed, nondangerous suspect by shooting him dead. . . . Where the officer has probable cause to believe that the suspect *poses a threat of serious physical harm, either to the officer or to others,* it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, *if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm,* deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.

*Id.* at 11–12, 105 S.Ct. 1694 (emphasis added).

Based on the facts identified by the District Court, a reasonable jury could find that, at the time in question, Forbes was not threatening Salkowski with a weapon and did not pose an immediate threat to Salkowski or others. As noted, the District Court concluded (and for present purposes, we must accept) that the wooden

staff did not reasonably resemble a firearm and that at the time of the shooting Forbes was some distance from Salkowski and was moving away from him. Under these circumstances, Forbes did not pose an immediate threat to Salkowski, and no reasonable officer could have believed that the use of deadly force was justified to prevent serious physical harm to himself.

Based on the facts identified by the District Court, a reasonable jury could also find that Salkowski did not have "probable cause to believe that [Forbes had] committed a crime involving the infliction or threatened infliction of serious physical harm." *Tennessee v. Garner*, 471 U.S. at 11, 105 S.Ct. 1694. While the officers had been informed that Forbes had committed a robbery, not every robbery involves "the infliction or threatened infliction of serious physical harm." Indeed, in Pennsylvania, "[a] person is guilty of robbery if, in the course of committing a theft, he … physically takes or removes property from the person of another by force *however slight.*" 18 PA. CONS.STAT. ANN. § 3701(a)(1)(v)(emphasis added).

■ Salkowski argues that even if his use of force exceeded the constitutional limit established by *Garner*, he could have believed that he was acting lawfully on the basis of 18 PA. CONS.ST. § 508(a)(1)(2002), which permits officers to employ deadly force when "(i) such force is necessary to prevent [an] arrest from being defeated by resistance or escape; and (ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon." The District Court held that Salkowski would have been unreasonable to rely on this statute because its application is limited to "address[ing] the circumstances under which an officer may claim the defense of justification to criminal charges arising from his use [of] deadly force against a suspect"

and does not address the constitutionality of such force. *Forbes*, 2003 U.S. Dist. LEXIS at *19 n. 10; *accord Commonwealth v. French*, 531 Pa. 42, 611 A.2d 175, 179 (Pa.1992) (characterizing § 508(a)(1) as a statute defining the circumstances in which "the law provides a justification" for "[a]n arresting officer's us[e][of] deadly force"). We agree with this reasoning.

Moreover, even if Salkowski could reasonably have relied on this state statute in assessing whether his conduct met the federal constitutional standard, we would reject his argument. The statute would apply here if either of two requirements were met: (a) the suspect "ha[d] committed or attempted a forcible felony" or (b) the suspect "possesse[d] a deadly weapon." 18 PA. CONS.ST. § 508(a)(1)(ii) (2002).

Based on the facts identified by the District Court, we believe that the first requirement is not satisfied because we do not think that the Pennsylvania Legislature meant to sweep all robberies—including, for example, a purse snatching effected with only slight force—within the scope of the term "forcible felony." It seems far more likely that the Legislature intended for the term "forcible felony" to express something like the standard set out in *Garner*, i.e., a felony involving "the infliction or threatened infliction of serious physical harm."

The second situation is not present here because the District Court found that the summary judgment record is sufficient to show that Forbes's staff did not resemble a weapon and that he was not attempting to use the staff itself as a weapon.

We do not hold, of course, that Salkowski did in fact violate Forbes's constitutional rights – only that the record, at this stage of litigation, does not foreclose the plaintiffs from attempting to prove as much at trial.

### III.

We affirm the District Court's order of April 10, 2003, insofar as it denied Salkowski's motion for summary judgment. We dismiss McGowan's appeal as moot.